IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DAVID L. TAMEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:15-cv-00462 |
| | § | |
| THE PRUDENTIAL INSURANCE | § | Removed from District Court of Hidalgo |
| COMPANY OF AMERICA, | § | County, Texas, 275th Judicial District Court |
| Defendant. | § | Cause No. C-4978-15-E |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, The Prudential Insurance Company of America, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, hereby files the following Notice of Removal with respect to the above captioned case, which was filed in the 275th District Court, Hidalgo County, Texas, Case No. C-4978-15-E. In support of this Notice of Removal, Defendant states the following:

### Timeliness And Background

1.	On or about October 2, 2015, Plaintiff David L. Tamez commenced a civil action against Defendant by filing a complaint in the 275th District Court, Hidalgo County, Texas, Case No. C-4978-15-E. There are no other parties named in Plaintiff's complaint.

2.	Defendant received the complaint by service of process on October 16, 2015. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitute "all summons, pleadings, and orders" served upon Defendant in the state court action, are attached hereto as Exhibit A. Defendant did not file an answer in the state court proceeding. Because Defendant has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

3.	Plaintiff alleges that he is insured for long-term disability ("LTD") benefits under a policy for insurance issued by Defendant to Donna Independent School District. (Compl. ¶ V.)

Plaintiff alleges that he filed a claim for benefits under the policy, and that benefits were paid by Prudential until November 1 2013, when Prudential discontinued benefits. *Id.* Plaintiff alleges that Prudential 1) breached its contract by failing to pay Plaintiff's claim for benefits; 2) violated the Texas Insurance Code Chapter 542 by failing to timely provide reasons for the rejection of Plaintiff's claim and failing to timely pay Plaintiff's claim; and 3) violated the Texas Insurance Code Chapter 541 by engaging in unfair claim settlement practices. (Compl. ¶ VI).

4. Plaintiff seeks declaratory relief, benefits under the policy, statutory additional damages including interest and treble damages, interest at 18%, prejudgment and post-judgment interest, and attorney's fees and costs incurred for bringing this action. (Compl. ¶¶ XII).

5. In the event Plaintiff meets the requirements for LTD benefits under the policy, he would be entitled to receive a maximum monthly benefit of $1,574.56 based on the Scheduled Benefit amount set forth in the policy. Plaintiff received benefits through October 31, 2013. Accordingly, as of November 6, 2015, when this notice of removal is filed, there is approximately 24 months and 1 week of benefits at issue. If successful in this matter, Plaintiff's recovery of benefits for the period through the date of this notice of removal would be approximately $38,156.84.

### This Case Is Removable Based Upon Diversity Jurisdiction

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a); *see also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995).

8.     In this case, both the "diversity" and "amount in controversy" requirements are met.

### The Parties Are Diverse

9.     As reflected in Plaintiff's complaint, Plaintiff is a citizen of the State of Texas. (Compl. ¶ III.)

10.    Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332(c).

11.    Defendant is incorporated under the laws of the State of New Jersey and its principal place of business is located in Newark, New Jersey.  (Compl. ¶ III).  Defendant is not a citizen of the State of Texas.  *See id*; 28 U.S.C. § 1332(c)(1).

12.    Thus, Plaintiff and Defendant are citizens of different states, and this case is "between citizens of different states."  28 U.S.C. §§ 1332(a), (c).

### The Amount In Controversy Exceeds $75,000

13.    In cases where a plaintiff has not specified an amount in controversy, the removing defendant need only demonstrate that the amount in controversy plausibly exceeds $75,000.00  *See, e.g., Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")  This Court should not decline jurisdiction unless it appears "to a 'legal certainty' that the claim is really for less than

the jurisdictional amount." *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

14. Additionally, a plaintiff's demand for attorney's fees also is relevant, because attorney's fees are included in the calculation of the amount in controversy. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Inc. Co.*, 276 F.3d 720, 724-25 (5th Cir. 2002) (denial of motion to remand upheld in class action because the plaintiffs' attorneys fees alone were likely to exceed $75,000).

15. In this case, it is plausible that the amount in controversy is at least $75,000, exclusive of interests and costs. Plaintiff seeks actual damages, which, as of November 6, 2015 would include $38,156.84 in disability benefits that were not paid from the date of potential eligibility. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the removal."); *Benitez v. Liberty Mut. Fire Ins. Co.*, No. H-12-2989, 2012 WL 6161034, at *3 (S.D. Tex. Dec. 11, 2012) (noting that the amount of controversy is determined "as of the date of removal"). Plaintiff also seeks treble damages pursuant to the Texas Insurance Code (Compl. WHEREFORE.) Three times $38,156.84 is $114,470.51.

16. Plaintiff also seeks 18% interest per annum on his damages under the Texas Insurance Code prejudgment and post-judgment interest, and attorneys' fees.

17. Given the claims asserted in the complaint, the amount in controversy plainly exceeds the $75,000 threshold for diversity jurisdiction. *See* 28 U.S.C. §§ 1332(c).

18. Based on the foregoing, this Court has original jurisdiction over Plaintiff's claims. *See* 28 U.S.C. §§ 1332(a); (c).

19. This action is removable to this Court. 28 U.S.C. §§ 1441(a), (b).

### Venue And Notice

20. Venue is proper in this District because, pursuant 28 U.S.C. § 124(b)(2), this District embraces the District Court for the 275th District Court, Hidalgo County, Texas, the place where the removed action has been pending. 28 U.S.C. § 1441(a).

21. Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the District Court for the 275th District Court, Hidalgo County, Texas, and will serve a copy thereof on Plaintiff through his counsel, pursuant to 28 U.S.C. 1446(d).  A copy of this notice is attached hereto at Exhibit B.

### Conclusion

22. Based on the foregoing, this Court has original jurisdiction over this action based on diversity of the parties under 28 U.S.C. § 1332; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

23. Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue before any order remanding this case.  In the event the Court decides remand is proper, Defendant asks that the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the U.S. Court of Appeals for the Fifth Circuit, pursuant to 28 U.S.C. § 1292(b).

24. Pursuant to Local Rule 81, the following documents have been attached to this Notice of Removal:

    1. Plaintiff's Original Petition (Exhibit "A");

    2. Notice of Filing Notice of Removal (Exhibit "B");

    3. All executed process  (Exhibit "C");

    4. No orders have been entered by the state court;

     5.     A list of counsel of record (Exhibit "D");

     6.     An index of matters being filed (Exhibit "E"); and

     7.     State Court docket sheet (Exhibit "F").

WHEREFORE, Defendant requests that the above-described action pending against it be removed to this Court. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

                      Respectfully submitted,

              By:  /s/ Esteban Shardonofsky
                    Esteban Shardonofsky
                    S.D. Tex. ID No. 615928
                    Texas State Bar. No. 24051323
                    SEYFARTH SHAW LLP
                    700 Milam Street, Suite 1400
                    Houston, TX 77002
                    Telephone: (713) 225-2300
                    Facsimile: (713) 225-2340
                    sshardonofsky@seyfarth.com

                    ATTORNEY-IN CHARGE FOR THE PRUDENTIAL
                    INSURANCE COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing DEFENDANT'S NOTICE OF REMOVAL to be served upon the following via the Court's CM/ECF and by depositing a copy of same in the U.S. Mail, postage prepaid, on this on this 5th day of November, 2015:

    Lloyd E. Bemis, III
    Bemis, Roach & Reed
    4100 Duval Road, Suite 200
    Austin, Texas 78759

              By: /s/ Esteban Shardonofsky
                    Esteban Shardonofsky